PER CURIAM.
Defendant Charles H. Westbrook was charged by bill of information with DWI (Second Offense) in violation of R.S. 14:98. After trial before a judge alone, he was found guilty and sentenced to serve 125 days in the parish jail and to pay a fine of $250.00 and costs. From this conviction and sentence, he seeks writs from this Court. We summarily grant relief and remand for a new trial based on the issue raised by assignment of error number four.
At trial the state did introduce into evidence a copy of the certificate filed with the Calcasieu Parish Clerk of Court certifying that machine no. 51 had been checked out and approved for use on August 3, 1978, within four months of the September 30, 1978 date on which that machine was used to perform the PEI test on defendant, all as required by the Rules and Regulations in effect at that time. See R.S. 32:663; Rules and Regulations (2), Louisiana Register, Vol. 3, No. 6, at 271 (1977). The certificate, however, is devoid of any showing that the individual who tested and approved the machine had been certified to do so. Rules and Regulations (6), supra at 272.
Consistent with our previous decisions that the state must show strict compliance with the established Rules and Regulations before it may avail itself of the R.S. 32:662 presumption of a defendant’s intoxication arising from chemical analysis, State v. Goetz, 374 So.2d 1219 (La.1979); State v. Graham, 360 So.2d 853 (La.1978); State v. Jones, 316 So.2d 100 (La.1975), we hold that at trial the state must show that the individual who approved the relevant machine for use has been certified to perform maintenance by the Department of Health and Human Resources.[1] Since no such evidence was introduced at trial, the conviction must be reversed and the case remanded for a new trial. See State v. Goetz, supra; State v. Graham, supra; State v. Burnette, 353 So.2d 989 (La.1978).
In basing reversal on the issue raised in assignment of error number four, we have pretermitted consideration of the issues *14 raised by assignments of error numbers two and three. It is noted, however, that at least some members of the Court were concerned that the state had not properly shown that the ampuls in Lot 7806 were certified for standard quality within four months of the date on which the PEI test was performed on defendant. Hopefully the issue will be clarified on retrial.
For the reasons assigned, defendant’s conviction and sentence are reversed and the case is remanded to the district court for further proceedings in accordance with law.
DIXON, C. J., dissents from remand, believing it creates a double jeopardy situation if defendant is put to trial again.

. At the time here at issue certification was required by the Department of Health and Human Resources, Office of Health Services and Environmental Quality, Bureau of Laboratories. La. Register, Vol. 3, No. 6, at 273. The Rules and Regulations now require certification by the Department of Public Safety. La. Register, Vol. 4, No. 10, at 392.